IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ALFRED ANDERSON**,

      Plaintiff,

      vs.                                  No. CIV-06-620 MCA/LCS

**THE CLOVIS MUNICIPAL SCHOOLS,
RHONDA SEIDENWURM, in her official
capacity as Superintendent of Schools, and
individually, and ADAN ESTRADA, in his
official capacity, and individually,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Defendants' Partial Motion to Dismiss* [Doc. 8], filed August 9, 2006. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court grants the motion.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's *Civil Complaint for Employment Discrimination, Violation of 42 U.S.C. § 1981; Violation of the Age Discrimination in Employment Act and Breach of Contract* [Doc. 1] and, thus, are accepted as true for purposes of Defendants' partial motion to dismiss.

Plaintiff Alfred Anderson is an African-American male who is over 40 years of age. After receiving a Masters Degree in special education from Eastern New Mexico University

in 1999, Anderson began working in August 2000 as a special-education teacher at Bella Vista Elementary School ("Bella Vista") in Clovis, New Mexico. Between the years 2000 and 2005, Anderson received "generally good" performance evaluations. In August 2005, Defendant Adan Estrada became principal of Bella Vista and Anderson's supervisor. Anderson contends that from the time Estrada became his supervisor, Estrada treated Anderson differently from similarly situated younger, white employees and reprimanded Anderson for conduct for which similarly situated younger, white employees were not admonished. According to Anderson, he attempted to meet with Defendant Rhonda Seidenwurm, Superintendent of the Clovis Municipal Schools, on a number of occasions to resolve his issues with Estrada, but Seidenwurm was of no assistance and, instead, ratified Estrada's actions. On January 9, 2006, Anderson resigned. [See generally Doc. 1].

On July 11, 2006, after exhausting his administrative remedies, Anderson filed his *Complaint* against the Clovis Municipal School Board and Estrada and Seidenwurm in their individual and official capacities. Anderson alleges employment discrimination on the basis of race, in violation of Title VII, 42 U.S.C. § 2000e *et seq.* (Count I); violations of 42 U.S.C. § 1981 (Count II); employment discrimination on the basis age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (Count III); and breach of contract (Count IV). [Doc. 1 at 5-9]. Estrada and Seidenwurm now move to dismiss the Title VII and ADEA claims against them for failure to state a claim, arguing that (1) neither statutory scheme provides a basis for individual liability, and (2) because the

2

Clovis Municipal School Board has been named as a defendant, the official-capacity claims against Estrada and Seidenwurm are superfluous.  [Docs. 8, 9].

## II. ANALYSIS

Dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) is appropriate only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" GFF Corp. v. Assoc. Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir.1997) (*quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.1991).  Accordingly, all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party.  GFF Corp., 130 F.3d at 1384.

The Tenth Circuit subscribes to the view—adopted by the majority of the circuits—that individual-capacity suits are inappropriate under Title VII and, instead, such suits must proceed against individual defendants in their official capacity.  Haynes v. Williams, 88 F.3d 898, 899 (10th Cir. 1996).  The Court explained:

> The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act. We think the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly.

Id. (*quoting* Sauers v. Salt Lake County, 1 F.3d 1122, 1125 (10th Cir.1993)).  Because individual-capacity suits are not maintainable under Title VII, the Title VII claims against Estrada and Seidenwurm will be dismissed.

Nor do Anderson's ADEA claims against Estrada and Seidenwurm survive dismissal, as state employees are not employers within the meaning of the ADEA.  See Wanner v. State of Kan., 766 F.Supp. 1005, 1007 (D.Kan. 1991) ("[T]he ADEA does not include agents of state agencies within the definition of 'employer.'").  Unlike Title VII, which defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person[,]" and further defines "person" to include political subdivisions, the ADEA's definition of "person" does not include states and their subdivisions.  *Compare* " 42 U.S.C. § 2000e(a), (b) *with* 29 U.S.C. § 630(a).  For these reasons, Anderson's ADEA claims against Estrada and Seidenwurm also will be dismissed. See Stevenson v. City of Albuquerque, *et al.*, No. CIV 02-25 MCA/RLP (Memo.Op. and Order entered Aug. 18, 2003) at 9 (dismissing individual employee/supervisor on ground that, as individual, he was not proper defendant in action alleging violations of Title VII and ADEA).

### III. CONCLUSION

For the foregoing reasons, the Title VII and ADEA claims asserted against Defendants Estrada and Seidenwurm in their individual capacities will be dismissed.

**IT IS, THEREFORE, ORDERED** that *Defendants' Partial Motion to Dismiss*

[Doc. 8] is **GRANTED**.

**SO ORDERED** this 15th day of November, 2006, in Albuquerque, New Mexico.

                                                  **M. CHRISTINA ARMIJO**
                                                  United States District Judge